UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No.: 3:07-CR-46-PLR-HBG |
| | ) |
| KARL GRUEN | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 25]. In support of his motion, defendant states that he served five years of incarceration with no difficulties and a perfect work attendance. After release from incarceration, he spent six months in a halfway house without incident, serving the last three months on home confinement. Defendant states he has maintained employment and is currently employed at Phoenix Closures in Newport, Tennessee. He has completed one-half of his 3-year term of supervised release.

Defendant's supervising probation officer reports that defendant is 54 years old and lives with his girlfriend in Rutledge, Tennessee. He has maintained employment, working full-time (40 hours or more per week). Defendant has also maintained a stable residence throughout his time of supervised release. He started supervision on April 19, 2013, and he has completed 20 months of a 36-month term of supervised release. Defendant has not incurred any arrests or violations while on supervised release. He was ordered to participate in a program of testing for drug and alcohol abuse, and his drug

screens have been negative. The probation officer reports that defendant has followed all the conditions of his supervised release and appears rehabilitated.

The government has not objected to defendant's motion for early termination.

Defendant pled guilty to conspiracy to distribute marijuana and to money laundering, and was sentenced to 60 months imprisonment followed by three years of supervised release. The record shows that defendant has completed more than half of his ordered term of supervised release. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of defendant's supervised release. In support of this determination, the court notes that defendant has completed more than one year of his term of supervised release and that defendant is in compliance with the conditions of his release. The court also notes that defendant has maintained steady employment and a stable residence since his release from prison. In addition, his probation officer recommends early termination. The government has not opposed the motion. Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1)

2

have been satisfied and in light of the lack of any objection by the Probation Office or the Government, the court finds defendant's motion for early termination of supervised release well taken, and it is hereby **GRANTED**. Defendant's term of supervised release is **TERMINATED.**

The court commends defendant for his efforts to turn his life around, and wishes him success in his future endeavors.

IT IS SO ORDERED.

Enter:

_____
UNITED STATES DISTRICT JUDGE